**YING LIN Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS Respondent.**

**No. 04–3539–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

John Zhang, New York, NY, for Petitioner.

Bud Cummins, United States Attorney Eastern District of Arkansas, A. Doug Chavis, Assistant U.S. Attorney, Little Rock, Arkansas, for Respondent.

PRESENT: CABRANES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Ying Lin petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") final order of removal.

Lin, a native and resident of the People's Republic of China, filed an application for asylum, withholding of removal and CAT relief. In her application, Lin stated that, she was persecuted and tortured in China for expressing her own opinion about corrupt and degenerate practices of the government's family planning policy while she was working at the Family Planning Board. Lin claimed that she was persecuted by the family planning policy in China and can no longer safely live in China.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The IJ denied Lin's claims for asylum, withholding of removal, and Convention Against Torture ("CAT") relief based on an adverse credibility finding. The IJ found that Lin filed a frivolous application for asylum. We review factual findings under the substantial evidence standard, overturning them only if a reasonable fact finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony generally bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

An adverse credibility finding determination is appropriately based upon inconsistent statements, contradictory evidence, and inherently improbable testimony. *Id.* at 287, 288. In this case, the IJ gave Lin several opportunities to clarify her testimony where she was initially inconsistent or her testimony and the evidence did not make sense. She was unable to (1) explain the inconsistency between her statement that she was given notice of her firing by the Planning Board for not accomplishing the goals of the Board against the portion of the notice that claimed she shielded her relative from having a gynecological exam; (2) explain the impersonal letter from her father and why the Planning Board would continue to look for her after she was fired; and (3) her confusing testimony regarding quotas required by the Board. While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating her story, or an explanation for its absence, may be required where it would reasonably be expected. *Id.* at 285.

Where an appeal turns on the sufficiency of the factual findings underlying the immigration court's determination that an alien has failed to satisfy his burden of proof, the Court will reverse the immigration court's ruling only if no reasonable fact-finder could have failed to find past persecution or fear of future persecution. *Wu Biao Chen v. I.N.S.*, 344 F.3d 272, 275 (2nd Cir.2003). In this case, Lin claims that she suffered past persecution in China because she was fired from her employment. The IJ noted that being fired from a job does not constitute persecution. *See Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67, 70 (2d Cir.2002) Lin claimed fear of future persecution because she believes that she will be convicted when she returns to China. Lin offered no evidence to the court to prove that she will be persecuted if she is removed to China and the background country reports do not specify that individuals who are removed to China are subject to persecution.